UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-10059-CIV-MARTINEZ/BROWN

PATRICK SCHAUENBURG,
an individual,

    Plaintiff,

v.

KEY WEST TOURS, INC., a Florida
Corporation d/b/a BLUE LAGOON
WATERSPORTS, WILSON-GIRARD,
INC., d/b/a BLUE LAGOON
WATERSPORTS, TROY WILSON,
SHERRY WILSON, d/b/a BLUE
LAGOON WATERSPORTS,
MIRAGE INTERNATIONAL, INC.,
a Florida corporation, and ROBERT P.
TYLLA, an individual

    Defendants.
_____/

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**
**AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, PATRICK SCHAUENBURG, ("Schauenburg") by and through undersigned counsel and pursuant to Rule 56, Fed.R.Civ.P., hereby files his Motion For Partial Summary Judgment and Incorporated Memorandum of Law, as against Defendants Key West Tours, Inc., Wilson-Girard, Troy Wilson and Sherry Wilson (together "Blue Lagoon"), and in support thereof, states as follows:

**BACKGROUND**

On or about November 26, 2005, Plaintiff Patrick Schauenburg and Robert Tylla ("Tylla") rented jet skis from Blue Lagoon, in Key West, Florida. Tylla subsequently operated

his rented jet ski in a negligent manner, causing his jet ski to collide with the jet ski operated by Plaintiff Schauenburg;[1] as a result, Schauenburg sustained severe bodily injury.

Schauenburg filed the instant lawsuit seeking damages for his injuries, alleging, *inter alia*, that the Blue Lagoon Defendants breached their statutory duty to provide training, instructions, supervision and guidance in the safe operation of their jet skis, and breached their statutory duty to obtain insurance which provided coverage for accidents involving their jet skis. In its Answer, Blue Lagoon denied any liability, generally and with respect to the alleged breaches of statutory duty. Additionally, as an Affirmative Defense to Plaintiff's action, the Blue Lagoon Defendants contended that Plaintiff Schauenburg assumed the risk of injury, and expressly released Defendants from the claims he has asserted in this litigation, thus barring same. (See DE 15-3 at ¶¶ 50-51).

Plaintiff now moves for partial summary judgment, asking this Honorable Court to find: (a) that the Blue Lagoon Defendants breached their statutory duty where the person who purportedly provided pre-rental/pre-ride instructions to Schauenburg and Tylla did not successfully complete a boater safety course, as required by Florida statute, and that this breach constituted negligence per se; (b) that the Blue Lagoon Defendants breached their duty, as required by Florida statute, to obtain insurance to cover accidents caused by the operation of their jet skis, and, consequently, Defendants must be responsible for Schauenburg's injuries caused by one of their renters in an amount up to the minimum required by statute; and, (c) that Plaintiff's affirmative defenses of "Assumption of Risk" and "Release" are invalid and provide no defense with regard to the claimed statutory violations.

---

[1] See Plaintiff's Statement of Undisputed Material Facts in Support of His Motion for Summary Judgment (hereinafter referred to as "Pl's SMF"), filed concurrently herewith, at ¶ 2.

## MEMORANDUM OF LAW

### I. SUMMARY JUDGMENT STANDARD

It is by now well-established that summary judgment may be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact"; in such case, the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Upon establishing the absence of a genuine issue of material fact, the burden then shifts to the non-moving party who must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings"; rather, it must demonstrate "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); Matsushita, 475 U.S. at 587. If the evidence put forth by the non-moving party is "merely colorable, or is not significantly probative, then summary judgment may be granted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

### II. CLAIMS AND DEFENSES

**A. Blue Lagoon's Breach of a Statute Enacted To Protect The Safety of Renters of Personal Watercraft Constitutes Negligence Per Se.**

Florida Statute § 327.54 provides that liveries may not rent a personal watercraft without first providing the renter with certain pre-ride information and safety instructions *given by* a person who has "successfully completed a boater safety course approved by the National Association of State Boating Law Administrators and this state." Fla. Stat. § 327.54(1)(e).[2] At the time of the subject incident, Blue Lagoon employed Ramone Tyler McGee. Mr. McGee was

---

[2] This statute applies to the rental of vessels of 10 horsepower or greater. Id. There is no dispute that Defendants' jet skis fit this requirement. (See Pl's SMF at ¶ 1).

3

the person who rented the jet skis and delivered pre-ride safety instructions to Schauenburg and Tylla. (See Pl's SMF at ¶ 4).  Mr. McGee, however, has not successfully completed an approved boater safety course as contemplated and mandated by Fla. Stat. § 327.54(1)(e). (See Pl's SMF at ¶ 4).  Blue Lagoon thus violated Florida Statutes by allowing persons to rent and operate their personal watercraft without first being given proper safety instructions by personnel who have successfully completed an approved boater safety course as prescribe by Fla. Stat. § 327.54(1)(e).[3]

While Blue Lagoon may portray its breach of its statutory duty as mere oversight, inconsequential in affect, the Southern District of Florida, in particular, has recently held that this very violation of § 327.54 amounts to negligence *per se,* where the statute was "enacted, in part, to protect the safety of renters of watercraft". Tassinari v. Key West Water Tours, L.C., No 06-10116-CIV, 2007 WL 1879172, * 3-4 (S.D. Fla. June 27, 2007).  As a renter of Defendants' jet ski, Plaintiff Schauenburg is "among the class of persons intended to be protected" by § 327.54. Id. at *3.  Defendants' violation of § 327.54(1)(e)'s clear prescriptions is, therefore, negligence per se.[4]

The Tassinari case is remarkably similar to the one at bar, where it concerned a jet ski accident involving two jet skis rented from a livery in Key West, Florida.  The Tassinari plaintiffs suffered injuries when the jet ski driven by another of the livery's renters collided with the jet ski plaintiffs were operating.  Plaintiffs claimed that the defendant livery was in violation of Florida Statute § 327.39, by permitting its jet skis to be operated by a renter who had not

---

[3] Plaintiff alleges other breaches of the safety statutes where, inter alia, Defendants failed to instruct renters regarding Florida's diver-down flag requirements. See Fla. Stat. § 327.54(e) and Rule 68D-36.107(1)(p).  See also Pl's SMF at ¶ 5.

[4] Under Florida law, negligence *per se* is the violation of a statute "which establishes a duty to take precautions to protect a particular class of persons from a particular type of injury." deJesus v. Seaboard Costa Line R. Co., 281 So.2d 198, 201 (Fla. 1973).

received proper instruction in the safe handling of the watercraft,[5] and of § 327.54, by allowing safety instructions to be given by personnel whom had not successfully completed a boater safety course. Id. at * 3.  The evidence established that the livery's employee who purportedly provided the renters safety instructions had not completed an approved boater's safety course as required by the Statute. Id. at * 4.  It was *this very violation* which led the Honorable Judge Moore, in Tassinari's well-reasoned opinion, to conclude that the defendant livery was negligent *per se* where "Defendant violated Florida statutes designed to protect boater safety and prevent collisions, by entrusting personal watercraft to persons who were not instructed in the safe handling of the personal watercraft as the law requires". Id.  The Tassinari Court then took its analysis one step further, finding the defendant's negligence per se (to wit, its violation of Fla. Stat. § 327.54(1)(e)) to be *actionable* where the defendant (to whom the burden shifted) could not demonstrate that its statutory violation *could not have* contributed to the accident, and, accordingly, found that defendant's fault was *presumed*. Tassinari, *supra* at * 4

As there are no facts in dispute regarding Defendants' violation of Fla. Stat. § 327.54(1)(e), and no dispute that Patrick Schauenburg is, indeed, a person intended to be protected by this statute, this Honorable Court should, as a matter of law, enter a summary judgment that Defendants' breach of this duty constitutes negligence per se.[6]  Moreover, as the Blue Lagoon Defendants cannot show that its violation of Florida's boating safety statutes *could not* have contributed to the subject accident, this Court should find that Blue Lagoon's fault presumed under applicable law. See Tassinari, *supra*, at * 2-4.

---

[5]   As the Court will note, Plaintiff herein has alleged the same violation(s) of Fla. Stat. § 327.39. (See Plaintiff's Complaint [DE 1] at ¶¶ 28, 30, 31, 34.

[6]   .

5

  **B.**  **Where Blue Lagoon Breached Their Duty to Provide Insurance Covering Injuries Caused By or Resulting From The Operation of Their Leased Jetskis, Blue Lagoon Must Now Be Responsible For Tylla's Negligence, Up to the Statutorily Required Amount.**

Florida Statute § 327.54(5) mandates that liveries, such as Blue Lagoon, may not rent or offer to rent its jet skis without having first obtained insurance which covers "any accident, loss, injury, property damage, or other casualty *caused by or resulting from the operation of the personal watercraft*." Fla. Stat. § 327.54(5) (double emphasis added)  Pursuant thereto, coverage in the amount of $500,000 per injured person must be provided for accidents resulting from the negligence of a renter/lessee of a livery's personal watercraft. Id.

Although the Blue Lagoon Defendants did obtain insurance through National Fire & Marine Insurance Company ("National Fire"), the subject policy contained the following exclusion of coverage:

> This insurance does not apply to:
>
>    * * *
>
> "Bodily injury" . . . arising out of the . . . use or entrustment to others of any . . . watercraft owned or operated by . . . any insured. . . . . This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" . . . involved the . . . use or entrustment to others of any . . . watercraft that is owned . . . by . . . any insured.

(See Pl's SMF at ¶ 7 and Ex. "F" thereto).  National Fire has unequivocally taken the position that the subject policy does not cover injuries resulting from the negligence of renters of Blue Lagoon's jet skis, such as that of Schauenburg or Tylla. (See Pl's SMF at ¶ 7).  Moreover, the Blue Lagoon Defendants admit that their policy does not cover, nor did they obtain coverage for, injuries resulting from their renters' negligent operation of their jet skis. (See Pl's SMF at ¶ 8).

There is no dispute that the Blue Lagoon Defendants failed to obtain and provide insurance coverage for accidents or injuries caused by renters operating Defendants' jet skis. A summary judgment is therefore warranted, finding that Defendants are undeniably in breach of Florida Statute, § 327.54(5), which clearly requires them to provide insurance coverage for accidents, such as the subject incident, as contemplated by the statute itself. Plaintiff Schauenburg has been damaged by Defendants' derogation of Florida law, as there is no insurance available to him with which to pay for damages caused by or resulting from the operation of the personal watercraft by one of Blue Lagoon's renters. As the facts are not in dispute regarding Defendants' statutory breach, this Court should further find that Defendants must pay for Plaintiff's damages—up to the limits of the statutorily required insurance—admittedly incurred as a result of the negligence of Robert Tylla. (See Pl's SMF at ¶ 3).

### III. DEFENDANTS' AFFIRMATIVE DEFENSES ALLEGING "ASSUMPTION OF RISK" AND "RELEASE" ARE INVALID AS AGAINST PUBLIC POLICY AND, THUS, PROVIDE NO DEFENSE TO PLAINTIFF'S CLAIM FOR STATUTORY VIOLATIONS

As affirmative defenses to this action, the Blue Lagoon Defendants have proffered that Plaintiff Schauenburg expressly assumed the risk of injury and, correspondingly, executed a release baring him from bringing action against the Defendants. (See DE 15-3 at ¶¶ 50-51). Defendants contend that, on these grounds, they are not liable, as a matter of law.

Once again, the Tassinari case proves dispositive of the issue; its ruling on the issue bears repeating in full:

> "[A] clause in an agreement exempting a party from tort liability is unenforceable on grounds of public policy if the agreement would exempt a party from liability arising from that party's failure to comply with a safety statute, as the safety obligation created by the statute for such purpose is an obligation owed to the public at large and is not within the power of any private individual to waive." . . . In this case, the Florida statutes violated are boater safety statutes imposing a standard of conduct on owners and liveries of

> vessels. It would be against public policy to enforce contract clauses purporting to exempt liveries from liability for violating these statutes. While the release and waiver provisions in the rental contracts are sufficient to release Defendant from liability for ordinary negligence, the provisions are invalid as against public policy when applied to liability arising from violation of these statutes.

Tassinari, supra at * 5 (inner citations omitted).

As in Tassinari, where Defendants have violated Florida statutes which impose upon them a standard of conduct (see supra at Section II), Defendants cannot shield themselves from liability arising from these very violations by touting the subject Release Indemnification Agreement they required Schauenburg to sign mere minutes prior to his operation of the jet ski. Defendants affirmative defenses alleging "Assumption of Risk" (DE 15-3 at ¶ 50) and "Release" (DE 15-3 at ¶ 51), must, as a matter of law, be found inapplicable to Plaintiff's claims statutory violations (Counts I and II of Plaintiff's Complaint).

WHEREFORE, Plaintiff PATRICK SCHAUENBURG, respectfully requests that this Honorable Court enter a summary judgment consistent with this Motion.

Respectfully submitted,

LAW OFFICES OF ROBERT ADER, PA
Bank of Ameirca Tower, Suite 3550
100 S.E. 2nd Street
Miami, Florida 33131
Tel: (305) 371-6060 / Fax: (305) 358-5917


By:     s/ Elizabeth B. Hitt
        ROBERT ADER
        Florida Bar No. 335126
        aderlaw@aol.com
        ELIZABETH B. HITT
        Florida Bar No. 176850
        bethhitt@aol.com

8

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing document was served via electronic service CM/ECF this 28 day of May 2009 on:

Jeffrey W. Johnson, Esq
jjohnson@jlblaw.com
Johnson, Leiter & Belsky
Attorneys for Defendants:
    Key West Tours;
    Wilson-Girard, Inc.;
    Troy Wilson;
    Sherry Wilson
Blackstone Building, 3rd Floor
707 SE Third Avenue
Fort Lauderdale, Florida 33316

                                                By:    ___s/ Elizabeth B. Hitt_____
                                                          ELIZABETH B. HITT