UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-10059 CIV-MARTINEZ
Magistrate Judge Brown

**PATRICK SCHAUENBURG, an individual,**

       **Plaintiff,**

vs.

**KEY WEST TOURS, INC., a Florida Corporation, d/b/a BLUE LAGOON WATERSPORTS,WILSON-GERARD, INC. d/b/a BLUE LAGOON WATERSPORTS, TROY WILSON, SHERRY WILSON, d/b/a BLUE LAGOON WATERSPORTS, MIRAGE INTERNATIONAL, INC., a Florida corporation, and ROBERT P. TYLLA, an Individual,**

       **Defendants.**

_____/

**DEFENDANT KEY WEST TOURS, INC., a Florida Corporation, d/b/a BLUE LAGOON WATERSPORTS, WILSON-GERARD, INC. d/b/a BLUE LAGOON WATERSPORTS, TROY WILSON, SHERRY WILSON's RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

The Defendants, KEY WEST TOURS, INC., a Florida Corporation, d/b/a BLUE LAGOON WATERSPORTS, WILSON-GIRARD, INC. d/b/a BLUE LAGOON WATERSPORTS, TROY WILSON, SHERRY WILSON, d/b/a BLUE LAGOON WATERSPORTS ("KEY WEST") by and through undersigned counsel and file their response to Plaintiff's Partial Motion for Summary Judgment as follows:

*Schauenburg v Key West*
*Case # 08-10059 CIV - Martinez*
*Response to Motion for Summary Judgment*
*Page 2*

I.  **THE ALLEGED VIOLATIONS OF FLORIDA STATUTES 327.54.(1)(E) and 327.39**

Plaintiff claims that KEY WEST violated Florida Statutes 327.54(1)(e) and 327.39, because they rented a personal watercraft to the Plaintiff, without first providing certain pre-ride information and safety instructions by a person who had successfully completed a boater safety course approved by the National Association of State Boating Law Administrators.  Further, Plaintiff alleges a violation of the statutes constitutes negligence per se.  In support of his position, Plaintiff relies solely, on a ruling on a Motion for Summary Judgment in the matter of *Tassinari v. Key West Tours, L.C.* No 06-10116-CIV, 2007 WL 1879172 (S.D. Fla. June 27, 2007). [1]

The findings of the Court in *Tassinari* regarding the ruling on the Plaintiff's Motion for Summary Judgment are not binding on this court, they are merely persuasive in nature. Fed.Cir.R.32.1.  Notwithstanding, the ruling in *Tassinari* merely shifts the burden of proof for demonstrating causation.  The rule of law does not determine ultimate liability for damages. *Sheridan I*, 824 F.2d at 478.

The ultimate ruling in the *Tassinari* case, apportioned fault between the parties in accordance with the Supreme Court's ruling in, *United States v. Reliable Transfer Co.*, 421 U.S. 397, 95 S. Ct. 1708, 44 L.Ed.2d 251 (1975).

---

[1]   It must be noted that the Defendant in *Tassinari* is not related to the Defendant in the instant matter.

*Schauenburg v Key West*
*Case # 08-10059 CIV - Martinez*
*Response to Motion for Summary Judgment*
*Page 3*

In the instant action, the Plaintiff testified that he did receive pre ride instructions. The most important pre ride instruction was to remain one hundred yards from any other jet ski. Mr. Wilson testified in his deposition as to the procedure employed in renting jet skis. The only evidence in this record that the procedure employed during the rental process gave the requisite training to the riders.[2] The Plaintiff admitted in his deposition that the dock attendant was on the jet ski going over the operation of the jet ski to the entire group of renters. The Plaintiff and Defendant, TYLLA, were only two of several jet skis operating when the Plaintiff alleges he was injured.

The undisputed record evidence in the instant action, is that Defendant, TYLLA was 100% responsible for the collision. Defendant, TYLLA admitted to Troy Wilson that the collision was his fault, which is further supported by the fact that Defendant, TYLLA paid for the damage to both jet skis involved in the collision. In addition Plaintiff, testified during his deposition that Defendant, TYLLA was 100% at fault for the crash.[3]

---

[2] The mentions that the procedure employed did not include manatee or diver down instructions. As Mr. Wilson testified, there are no manatees in this area and since the riding area was a bay bottom and very shallow, there are never any divers in the designated ride area. Therefore, these two instructions could never be associated with an incident with these rentals.

[3] Apart from the record evidence obtained in this matter to date, the deposition of Defendant, TYLLA is being scheduled in this matter. Defendant, TYLLA resides in Switzerland and the logistics of coordinating and taking his deposition have posed a challenge. However, as of today, it is undisputed that Defendant, TYLLA, is 100% at fault for the crash.

*Schauenburg v Key West*
*Case # 08-10059 CIV - Martinez*
*Response to Motion for Summary Judgment*
*Page 4*

At best, the Plaintiff's statement that the dock attendant did not have the certificate at the time of the rental is accurate as of today. However, that fact alone does not establish for Summary Judgment purposes that the failure to have the certificate was the proximate cause of this event. For Summary Judgment to be granted on the liability issues raised by the Plaintiff, the Plaintiff must show beyond any genuine issue of material fact that the failure to have the certificate, and that alone, was the cause of the incident.

The only evidence in the record is the fact that Defendant, TYLLA is 100% at fault, and the logical corollary, that the failure to have the certificate was 0% at fault for the incident.

During his deposition, the Plaintiff testified that he was instructed at the time of the rental that a distance of 100 yards had to be maintained from other jet ski's. The instructions were given by an experienced dock attendant. Plaintiff also testified during his deposition that Defendant, TYLLA also received and heard the 100 yard distance instruction. Therefore, had Defendant, TYLLA, heeded the 100 yard rule, the subject collision would not have taken place.

There is no testimony to date, that would support a finding that the failure of the attendant to have a boating certificate in any way caused or contributed the subject collision. Therefore, Summary Judgment should be denied.

*Schauenburg v Key West*
*Case # 08-10059 CIV - Martinez*
*Response to Motion for Summary Judgment*
*Page 5*

### II. THE ALLEGED VIOLATIONS OF FLORIDA STATUTES 327.54.(5)

Next, Plaintiff alleges that KEY WEST did not have the requisite insurance in place pursuant to Florida Statute 327.54(5) at the time of the subject rental. Florida Statute 327.54(5) states in pertinent part as follows:

> "A *livery* may not lease, hire, or rent any personal watercraft or offer to lease, hire, or rent any personal watercraft unless *the livery* first obtains and carries in full force and effect a policy from a licensed insurance carrier in this state, *insuring against* any accident, loss, injury, property damage, or other casualty caused by or resulting from the operation of the personal watercraft. The insurance policy shall provide coverage of at least $500,000 per person and $1 million per event." *emphasis added*

It is well established that "in interpreting a statute, legislative intent is the 'polestar' that guides a reviewing court in its analysis." *Borden v. East-European Ins. Co.*, 921 So.2d 587 (Fla. 2006). Further, "when interpreting a statute and attempting to discern legislative intent, courts must first look at the actual language used in the statute. If the statute is clear and unambiguous, we will not expand our analysis and look beyond the plain language or resort to rules of statutory construction.:" *State v. Lacayo*, 2009 WL 529431 (Fla. App.3 Dist. 2009), citing, *Daniels v. Fla. Department of Health*, 898 So.2d 61 (Fla. 2005).

The language of Florida Statute 327.54(5) is clear in that "the livery" is to obtain insurance coverage of at least $500,000 per person and $1 million per event. The required coverage is for "the livery" and nowhere in the language of the statute does the legislature require that the insurance is to provide coverage to the renters or operators of the personal watercraft for

*Schauenburg v Key West*
*Case # 08-10059 CIV - Martinez*
*Response to Motion for Summary Judgment*
*Page 6*

any incident arising out of their negligence. It is undisputed that the Defendant in this case carried liability insurance as required by the statute. The Plaintiff has filed the evidence of insurance with their motion. Therefore, there can be no statutory violation.[4]

The legislature has written provisions within the Florida Statutes where insurance coverage is to extend, not only to an owner but also the operator. That is the case with coverage for a motor vehicle under Florida's financial responsibility law. The fact that the legislature did not include language in F.S. 327.54(5) that coverage was to be provided for the renters for any causes of action brought against them as a result of their use of a personal watercraft means that the legislature did not intend to require the livery to maintain insurance for that purpose.

Furthermore, the legislature has promulgated Florida Statutes §732.32 which clearly creates immunity for the owner of a jet ski for the operation of the jet ski by another. This statute clearly applies to the facts of this case. Florida Statutes §732.32 states:

> **327.32 Vessel declared dangerous instrumentality; civil liability.–**
>
> All vessels, of whatever classification, shall be considered dangerous instrumentalities in this state, and any operator of a vessel shall, during any utilization of the vessel, exercise the highest degree of care in order to prevent injuries to others. ***Liability for reckless or careless operation of a vessel shall be confined to the operator in immediate charge of the vessel and not imposed upon the owner of the vessel***, unless the owner is the operator or is present in the vessel when any injury or damage is occasioned by the reckless or careless operation of such vessel,

---

[4] More importantly, the insurance issues raised by the Plaintiff are simply not be proximate cause of the injuries sustained by the Plaintiff.

> whether such recklessness or carelessness consists of a violation of the provisions of the statutes of this state, or disregard in observing such care and such operation as the rules of the common law require. *Emphasis added.*

Since it is undisputed the Defendant was not in immediate charge of either the Plaintiff's and Defendant, TYLLA's jet ski at the time of the incident, they are not liable for the operation of the jet ski by TYLLA. The legislature's intent is clear.

Notwithstanding the clear and unambiguous language of the statute, the Plaintiff in this matter lacks standing to make the argument against KEY WEST regarding the alleged violation of Florida Statute §327.54(5). It is undisputed that KEY WEST had the requisite insurance in place which would provide coverage to KEY WEST in this matter. Therefore, the Plaintiff would not have the requisite standing to sustain such a cause of action as to KEY WEST.[5]

Finally, the position being advanced by the Plaintiff would expanding the traditional notions of negligence *pre se* to unprecedented heights. Basically, the Plaintiff's are seeking to expand the legal principles of vicarious liability to an insurance statute. This remedy is clearly not contemplated under the current regulatory scheme.

---

[5]  The Plaintiff suffered a fracture rib and hip, and was admitted to Jackson Hospital for observations for potential internal injuries that did not materialize. He has incurred approximately $66,0000 in medical expenses with little post hospital care and no medical treatment since December 2005. The Plaintiff filed an affirmation of damages in the amount of $55,000 and his attorney filed an affirmation that a reasonable jury verdict would be $471.736.64. Notwithstanding, Defendant, TYLLA who is unrepresented in this case, filed a proposal for settlement for $600,000 which was accepted by the Plaintiff. There is no assignment of record. There is no indication that Defendant, TYLLA is not going to pay the judgement that he "agreed" to in this case. The Plaintiff simply does not have standing use this Motion for Summary Judgment for a coverage determination related to TYLLA or to claim this Defendant has to pay a judgment that clearly was between Defendant, TYLLA and the Plaintiff.

*Schauenburg v Key West*
Case # 08-10059 CIV - Martinez
*Response to Motion for Summary Judgment*
Page 8

### III. "ASSUMPTION OF THE RISK / RELEASE"

It is undisputed that the Plaintiff voluntarily executed the rental agreement which releases KEY WEST from any and all liability as a result of this incident. Assuming the boater certificate was not an issue, it would be undisputed that the release executed by the Plaintiff would preclude him from recovery under the instant facts. Releases, such as those executed by the Plaintiff have been found to be valid and enforceable in these type of cases. Therefore, but for the boater certificate issue, the Plaintiff would be barred.

The *Tassinari* Court found the release in that case unenforceable because of the statutory violation that the Court ultimately concluded was a proximate cause of the alleged injuries. The *Tassinari* case is factually distinguished from this case because the tour guide had control of the group of jet ski renters. In this case, the jet ski renters were free to ride wherever they wanted within the 1.5 boundary.

Based upon the facts in this record to date, Defendant, TYLLA is 100% at fault for this incident and that the parties were given the crucial instruction to stay 100 yards apart. Besides not having the certificate, there are no facts which rise to the level of disregarding the release executed by the Plaintiff. The release is valid and enforceable under Florida law. We do not believe the Plaintiff would contest that statement of law. The Plaintiff relies upon the fact that the dock attendant did not have the certificate to reach the ulitimate conclusion related to the proximate cause issue. However, *Tassinari* only shifts the burden of proof. *Tassinari* ultimately assigns negligence to the other operator. Inherent in the conclusion of the case, was the ultimate factual determination that the operator and the concessioner were proportionally at fault.

In the instant case, the only depositions and matters of record, point to Defendant, TYLLA being 100% at fault.[6]  If in the end, Defendant, TYLLA is found to be 100% at fault, then the concessioner was not a fault.  If the Concessioner was not at fault, then the jury would have concluded that the instructions by the dock attendant had nothing to do with the incident.  If that is true, then the release would not be invalid or unenforceable under the Tassinari decision.  One thing is for sure, invalidating or declaring the release unenforceable through a Motion for Summary Judgment is not substantiated under the facts of this case. [7]

Plaintiff argues that KEY WEST is not entitled to assert its affirmative defenses of Assumption of the Risk and Waiver and again Plaintiff relies solely on the ruling of the court on Plaintiff's Motion for Summary Judgment in the *Tassinari* case.  Under the facts of the instant action, there is no testimony to date that refutes the ultimate question of material fact taking the evidence in favor of the non moving party.  The alleged breach of the statute requiring a

---

[6] When ruling on an Motion for Summary Judgment, the Court must take the facts in favor of the non moving party.  In this case, the fact that destroys the Plaintiff chances for Summary Judgment is that Defendant, TYLLA is 100% at fault for this incident.

[7] The Plaintiff admits to signing the release.  the opening and closing words of the release are in capital letters, they say:

> THIS IS AN IMPORTANT LEGAL DOCUMENT AND AFFECTS YOUR LEGAL RIGHTS, YOU MUST READ AND UNDERSTAND THIS AGREEMENT BEFORE SIGNING IT.
> ******
> BY SIGNING THIS AGREEMENT, I ACKNOWLEDGE THAT I HAVE READ AND UNDERSTAND ITS CONTENTS, AND AGREE TO ABIDE BY THE SAFETY RULES PRINTED ON THE REVERSE SIDE OF THIS AGREEMENT.

*Schauenburg v Key West*
*Case # 08-10059 CIV - Martinez*
*Response to Motion for Summary Judgment*
*Page 10*

certificate, does not that translate that the Defendant is the proximate cause of the Plaintiff's injuries, especially when Defendant, TYLLA is 100% at fault.  If ultimately true, the release would remain valid and enforceable against the Plaintiff.

WHEREFORE, the Defendant, KEY WEST, respectfully requests that this Honorable Court deny Plaintiff's Motion for Partial Summary Judgment, together with any additional legal or equitable relief the Court deems appropriate.

**JOHNSON, LEITER & BELSKY**
*Counsel for Key West Tours, Inc., et al*
Blackstone Building, Third Floor
707 Southeast Third Avenue
Fort Lauderdale, Florida 33316
Tel:    (954) 462-3116

BY:     s/Jeffrey W. Johnson
        JEFFREY W. JOHNSON, ESQ.
        Florida Bar No.  705489

*Schauenburg v Key West*
*Case # 08-10059 CIV - Martinez*
*Response to Motion for Summary Judgment*
*Page 11*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the DEFENDANT'S RESPONSE TO PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT was provided via electronic filing to the courthouse on June 15th, 2009, and via telefax and U.S. Mail to the following counsel of record: **Robert Ader, Esq.**, 100 S.E. 2nd Street, Miami, Florida 33131, **Cara Higgins, Esq.**, 608 Whitehead Street, Key West, FL 33040 and **Carlos Daniel Cabrera, Esq.**, 3440 Hollywood Blvd., 2nd Floor, Hollywood, FL 33021.

BY:    s/Jeffrey W. Johnson
      JEFFREY W. JOHNSON, ESQ.
      Florida Bar No. 705489